Where a magistrate holding a court of enquiry, on the complaint of a private individual, bound over the prisoner for trial before the superior court, in a bond, the condition of which was, that the prisoner should "appear before said court, and abide final judgment on said complaint ;" it was held, that the failure of the prisoner to appear and answer to an information filed against him by the state's attorney for the offence charged in the complaint, was no forfeiture of the bond.

## Kingsbury *against* Clark.

THIS was an action of debt on bond payable to the plaintiff as treasurer of the state. The declaration set forth the condition of the bond, and the proceedings to which it related.

The condition was as follows : " Whereas *Alfred Clark* of *Milford* in the county of *New-Haven*, was brought before me *William Durand*, justice of the peace for the county of *New-Haven*, by legal warrant, on a certain complaint made by *Julia C. Wilmot*, stating that on the 25th day of *September* 1813, the said *Alfred Clark* did an assault make on her body, with an intent to commit a rape ; whereupon the said justice did adjudge, that the said *Alfred Clark* stand committed for trial before the next superior court to be holden at *New-Haven* within and for the county of *New-Haven*, on the third *Tuesday* of *January* next : Now, if the said *Alfred Clark* shall well and truly appear before said court, and abide final judgment on said complaint, then the above bond to be void."

The judgment of the justice (omitting the recital) was as follows : " Whereupon it is considered by this court, that the said *Alfred Clark* be held for trial before the honourable superior court to be holden at *New-Haven*, within and for the county of *New-Haven*, on the third *Tuesday* of *January* next, by giving bond with good sureties in the recognizance of 1000 dollars, payable to the treasurer of the state of *Connecticut*, for his appearance before said court to answer to said complaint, and abide the judgment of said court thereon."

The bond, accompanied with an exemplification of the justice's record, was returned to the superior court ; the attorney for the state filed an information against *Alfred Clark*, for the offence charged in the complaint of *Julia C. Wilmot ;* the prisoner and his bail being duly called, made default of appearance ; and judgment was rendered as follows : " Whereupon it is considered by this court, that the said *Alfred Clark* and *Treat Clark* [the present defendant] have forfeited their recognizance."

To this declaration there was a demurrer. By agreement of parties, the cause was continued to the next session of

the superior court, that the questions of law might, in the meantime, be argued before the nine Judges.

*Sherman* and *Staples*, in support of the demurrer, contended, 1. That no recovery could be had upon the bond, because the justice had not jurisdiction. The complaint, on which the process was founded, was made by a private individual, and not by a grand-juror, as it should have been.

2. But waiving this objection, still the proceedings were irregular, because a *bond* was taken instead of a *recognizance*. The words of the statute are, " Such authority shall *recognize* with surety."(*a*) And the judgment of the justice, in pursuance of the statute, required " A *recognizance* of 1000 dollars." A bond under hand and seal, therefore, was neither warranted by the statute, nor supported by the judgment. The power of justices of the peace to bind over for felonies, both in *England* and in this country, depends upon statutory provisions, which must be strictly pursued.(*b*) The word " *recognize*" in our statute is a technical term, and must be understood in its technical sense.

3. The condition of the bond is such that it could not be performed ; or if it could, it has never been broken ; and in either case, no action lies. The condition is, that *Alfred Clark* shall appear before the superior court, and abide final judgment on the complaint of *Julia C. Wilmot ;* not, as it ought to be, that he should appear and answer to such information as should be filed against him, and abide final judgment thereon. Now, *Alfred Clark* could not be required to comply with this condition. No such proceeding could be had. At any rate, he has never broken it ; because as appears from the record of the superior court, he was called to answer to an information filed against him by the attorney for the state, and not to the complaint mentioned in the bond. If this bond is to stand on the footing of a judicial proceeding, it is irregular ; if on the footing of contract, there has been no breach.

*Daggett* and *N. Smith,* contra. 1. A justice may issue his warrant to apprehend a criminal, and bring him before a

(*a*) *Tit.* 46. *c.* 1. *s.* 3.
(*b*) The powers of justices in *England* are defined with precision, in 1 *Burns' Just.* 144.

Margin note:
*Hartford,*
November,
1815.

Kingsbury
*v.*
Clark.

Kingsbury
*v.*
Clark.

magistrate for examination, without the intervention of a grand-juror. This power is incidental to his general authority to preserve the peace. His proceedings in this case are not the less valid because he heard the complaint of *Julia C. Wilmot* before he issued his warrant.

Further, the objection comes too late. The justice unquestionably had jurisdiction of the offence for the purpose of binding over. If the prisoner claimed that there was any irregularity in the manner of his being brought before the justice, he ought to have taken advantage of it before he answered in chief.

Again, it is not necessary, in order to recover on the bond, to shew that the proceedings before the justice were regular. The bond imports a sufficient consideration, and must be deemed valid until it is shewn to be illegal. If a man without any judicial proceedings, should give a bond to the treasurer of the state, to appear before the superior court, and be tried for an offence imputed to him, could it be said that such bond would be illegal, or opposed to sound policy ?

2. The bond in question is substantially a recognizance. The condition is the same. The defendant appeared in court, and executed it before the court ; of which a record was made. It had every essential requisite of a recognizance. Could the additional solemnities of signing and sealing render it the less valid ? In the language of our statute-book and the acceptation of our courts, " bond" and " recognizance" are convertible terms. On an appeal, the statute requires a " bond" to be given(*a*) ; but the invariable practice is to take a recognizance. In *Potter* v. *Kingsbury,* 4 *Day's Ca.* 98. the justice took a *bond ;* but the court treated it as a recognizance. So in *Dickinson* v. *Kingsbury,* 2 *Day's Ca.* 1. a bond was taken by the sheriff after commitment ; and it was held to be valid.

3. The complaint and proceedings before the justice were returned to the superior court. *Alfred Clark* and his surety (the defendant) were called in the usual form ; and made default of appearance. This was a breach of the bond.

SWIFT, Ch. J. This action is brought on a penal bond conditioned that *Alfred Clark* should appear before the superior court, and answer to the complaint of *Julia C. Wilmot,*

(*a*) *Tit.* 6. *c.* 1. *s.* 15.

and abide the judgment of the court on said complaint. This complaint was a nullity ; *Julia C. Wilmot* could not prosecute it ; and no proceedings could be had against said *Clark* thereon. The condition, then, could not be performed or broken. It was totally void, and no action can be maintained on the bond.

It was no part of the condition of the bond that *Alfred Clark* should appear and answer to a complaint exhibited by a proper informing officer. His not appearing to answer to the complaint thus filed against him was no forfeiture of the bond, and to render him now liable would be to subject him on a contract he had never made.

I should advise the superior court, that this action is not sustainable.

In this opinion the other Judges severally concurred.

Judgment to be for defendant.