WALDO and another *against* SPENCER :

### IN ERROR.

*New-Haven,*
July,
1821.

4  71
77  140

Waldo
*v.*
Spencer.

In an action on a recognizance, taken by a justice of the peace, holding a court of enquiry, for the appearance of the person complained of, it is sufficient to state the proceedings, and recite the complaint, without averring that the offence therein charged, was committed by such person.

Where, in such action, the recognizance was alleged to be on condition " to answer to the matters contained in the complaint," and it was recited as on condition to answer the complaint ;" it was held, that this was no variance, the instrument described corresponding in substance and in legal operation with the one recited; but if otherwise, it was rendered immaterial, by a recital of the proceedings.

Though an amendment of the record is, in general, inadmissible, after the term at which judgment was rendered ; yet this may be done, where there is a written memorandum to amend by.

An amendment, purporting to be made, under the direction of the court, conformably to the fact, is not the subject of revision, in a higher court, as having been made against the fact.

That an amendment will affect bail, is not a sufficient objection to its allowance, in a case where it is otherwise proper.

A person brought before a justice of the peace, on the complaint of a grand-juror, for examination, is not entitled to a trial, by a jury, for the offence charged in the complaint, before such justice.

A recognizance, taken by a justice of the peace, of a person brought before him, for examination, on the complaint of a grand-juror, with a condition requiring the person complained of to appear before the court having cognizance of the offence charged, " and make answer to the aforesaid complaint, and abide the doings of the court thereon," is valid.

If a person brought before a justice of the peace, for examination, plead *not guilty*, it is not the duty of such justice, or proper for him, to find the issue ; but merely to bind over, or discharge, as probable cause may, or may not, appear.

This was an action of debt, brought in the name of *Isaac Spencer*, Esq. treasurer of the state of *Connecticut*, on a recognizance alleged to have been entered into, by *Joseph T. Waldo* and his surety or bail.

The declaration set forth the proceedings in the case, in which the recognizance was taken. It stated, that " one *Alanson Beecher*, a grand-juror of the town of *Southbury*, on oath exhibited his complaint in writing to *William Hinman*, Esq. a justice of the peace, in the words and figures following, *viz.*" reciting the grand-juror's complaint, which charged *Waldo* with having opened a grave in *Southbury*, and with having taken therefrom, and carried away, the body of

New-Haven,
July,
1821.

Waldo
v.
Spencer.

*Major Tiff*, deceased, for the purpose of dissection, without the consent or knowledge of the relatives of the deceased, or of the select-men of the town. After averring, that a warrant was issued, under which *Waldo* was arrested, and brought before *Shadrach Osborn*, Esq. a justice of the peace, for examination, the declaration proceeded thus : " The said *Osborn* holding a justice's court, in said case, and the said *Waldo* being in custody upon said warrant, the said justice, after hearing the testimony, did decide and adjudge, after mature deliberation, that the said *Waldo* be holden to appear before the superior court then to be holden at *New-Haven*, within and for the county of *New-Haven*, on the second *Tuesday* of *August*, 1819, being bound with sureties, in the sum of 200 dollars, that he make his personal appearance before said court, at the time and place aforesaid, to make answer to the matters contained in the said complaint, and abide the doings of the court thereon, and stand committed until said bonds are given ; and on the 25th day of *February*, 1819, the defendants appeared before said justice *Osborn*, and, in open court, acknowledged themselves bound in a recognizance in the sum of 200 dollars, to the treasurer of the state of *Connecticut*, conditioned, that the said *Waldo* should make his personal appearance before said superior court, to be holden at *New-Haven*, within and for the county of *New-Haven*, on the second *Tuesday* of *August*, 1819, and make answer unto the aforesaid complaint, and abide the doings of the court thereon." The record of the justice was recited in the declaration, and was as follows : " At a court holden in *Southbury*, in *New-Haven* county, on the 24th day of *February*, 1819, by *Shadrach Osborn*. Esq. a justice of the peace for said *New-Haven* county : Upon a complaint of *Alanson Beecher*, one of the grand-jurors of said town of *Southbury*, setting forth," &c. [stating the substance of the complaint.] " And the said *Waldo*, on the 23rd inst., having, by virtue of a special warrant, been brought before this court, put in his plea in the following words, *viz.* " Now, the said *Waldo*, in proper person, defends, pleads and says, he is *not guilty*, and hereof puts himself on the jury for trial. *Joseph T. Waldo*." Which plea, as far as it regarded the trial by a jury, was adjudged insufficient. The court then proceeded on the trial, under the plea of *not guilty ;* and having heard the evidence in support of the complaint, and the defence of the said delinquent, is of opinion and doth

adjudge that he, the said *Waldo*, be holden to appear before
the superior court to be holden at *New-Haven*, within and for
the county of *New-Haven*, on the second *Tuesday* of *August*
next, and by being bound with sureties, in the sum of 200
dollars, that he make his personal appearance before said
court, at the time and place aforesaid, to make answer to the
matters contained in the foregoing complaint, and abide the
doings of the court thereon, and stand committed until said
bonds are procured.    Whereupon, on the 25th day of said
*February*, the said *Waldo* and *A. B.* personally appeared be-
fore the subscribing authority, and are bound in a recogni-
zance of the sum of 200 dollars to the treasurer of the state
of *Connecticut*, conditioned, that the said *Waldo* shall make
his personal appearance before said superior court, to be
holden at *New-Haven*, on the second *Tuesday* of *August* next,
and make answer to the aforesaid complaint, and abide the
doings of the court thereon." The declaration further
stated, that copies of the complaint, warrant and record of
the justice were returned to the superior court holden at
*New-Haven*, on the second *Tuesday* of *August*, 1819, and
entered in the docket ; when the attorney for the state ex-
hibited an information against *Waldo*, charging him with the
crime stated in the complaint ; that *Waldo* failed to appear ;
by which the recognizance was forfeited, and the defendants
became liable for the amount.

On the trial of this cause in the superior court, *January*
term, 1821, the plaintiff produced in evidence the original
record of Justice *Osborn*, which was by him entitled "*State*
v. *Joseph T. Waldo* ;" with the following minute or memo-
randum made thereon, by the clerk of the superior court,—
"Bonds called, and forfeited, 9th." The plaintiff also pro-
duced this information, preferred by the state's attorney, in
*August*, 1819, in which said *Waldo* was described, by the
name of *Joseph F. Waldo* ; which was entitled "*The State*
v. *Joseph T. Waldo* ;" and on which there was this entry or
memorandum, in the hand-writing of the clerk,—"Bonds
called, and forfeited, 9th." The plaintiff also produced the
information, preferred by the state's attorney, in *August*,
1819, in which said *Waldo* was described by the name of
*Joseph F. Waldo* ; which was entitled "*The State* v. *Joseph
F. Waldo* ;" and on which there was this entry or memoran-
dum, in the hand-writing of the clerk,—"Bonds called,
and forfeited, 9th." The entry of the cause in the

*New-Haven,*
*July,*
1821.

Waldo
v.
Spencer.

New-Haven,
July,
1821.

Waldo
v.
Spencer.

docket, at the *August* term, 1819, was, " *State* v. *Joseph F. Waldo.*" The record of that term, moreover, stated, that *Joseph F. Waldo* was three times publicly called, and made default of appearance ; and that his bail was likewise three times publicly called to have said *Joseph F. Waldo* in court, or he would forfeit his recognizance. The plaintiff then exhibited the original entry of the clerk on the back of the recognizance, that *Joseph T. Waldo* was called, and that his bail was likewise called to have in court said *Joseph T. Waldo ;* and thereupon moved, that the court should direct the clerk to make a record of the calling and forfeiture of the recognizance, or to amend the record already made, by inserting the name of *Joseph T. Waldo* instead of *Joseph F. Waldo.* This motion the defendants resisted ; and offered to prove, by parol evidence, that *Joseph F. Waldo,* and not *Joseph T. Waldo,* was in fact called, by the clerk and the sheriff. The court refused to hear the parol evidence thus offered by the defendants, and decided, that the clerk ought to make a record, or amend the record already made, so that it should conform to the entry, made by the clerk, of the calling and forfeiture of the recognizance, *viz.* that *Joseph T. Waldo* was called to appear, and that the bail was called to have in court *Joseph T. Waldo.* The clerk amended his record accordingly ; and it was then given in evidence.

The issue being found, and judgment rendered, for the plaintiff, the defendants brought the present writ of error.

*Denison* and *Wales,* for the plaintiffs in error, contended, 1. That the declaration is insufficient : First, because it does not aver, that *Waldo* had committed any offence, giving the justice jurisdiction, and authorizing him to take the recognizance. The declaration merely states, that a certain grand-juror exhibited a certain complaint to the justice ; which complaint is recited *in hæc verba.* A naked recognizance, where no crime has been committed, will not support an action of debt. Secondly, because the judgment of the justice, as stated in the declaration, required *Waldo* to become bound to appear, " and make answer to the *matters* contained in the said complaint, whereas the condition of the recognizance recited, is, that he should appear, " and make answer unto the aforesaid *complaint.*" The recognizance is not conformable to the judgment ; it being a very different thing to answer to the matters contained in a grand-juror's

complaint, which might be the subject of an information or indictment, from what it would be, to answer to such complaint itself. Whether the recognizance, considered separately from the judgment, was correctly taken, presents a distinct question.

2. That the superior court ought not to have allowed the alteration of the record. First, because a record cannot be amended *after the term.* This is the rule at common law ; and our statute has not varied it. 3 *Bla. Comm.* 407. 2 *Tidd's Prac.* 862. *Judson* v. *Blanchard,* 3 *Conn. Rep.* 536. Secondly, an amendment is never allowed *against the fact.* A party claiming an amendment, must shew, that the record, as it stands, is not true, and that the amendment sought, will make it true. As the minutes of the clerk on the record of the justice, and on the information, left it a matter of uncertainty, whether *Joseph T. Waldo,* or *Joseph F. Waldo,* was the person called, parol evidence was proper to ascertain the fact. Thirdly, an amendment is never allowed in proceedings against *bail. Grey* v. *Jefferson,* 2 *Stra.* 1165. *Venn* v. *Warner,* 3 *Taun.* 263. The amendment made was indispensibly necessary to sustain the action ; and if not correctly made, is ground of error. *Eggleton* v. *Seneff, Barnes* 475. *Gore* v. *Parkhurst, Cro. Eliz.* 223. *De Kentland* v. *Somers,* 2 *Root* 437.

3. That the recognizance taken, is void. First, because the denial of " a speedy public trial by an impartial jury," when " the accused" was brought before the justice, was a violation of the constitution ; (*art.* 1. *sect.* 9.) and the subsequent proceedings were thereby rendered of no avail. Secondly, because the condition of the recognizance required *Waldo* to appear before the superior court, and answer to the *complaint of the grand-juror.* As no trial is ever had in the superior court, on such a complaint, *Waldo* could not lawfully be required to appear there, and answer to it. Nor was he under any obligation, by virtue of such recognizance, to appear and answer to an information filed against him for the offence charged in the complaint. *Kingsbury* v. *Clark,* 1 *Conn. Rep.* 406. Thirdly, because *Waldo* having pleaded *not guilty* before the justice, the judgment ought to have answered the issue. Fourthly, because the justice transcended his power in requiring from *Waldo* a recognizance, conditioned, not only that he should appear, and answer to the complaint, but also, that he should " *abide the doings of*

the court thereon." Such a recognizance the statute, (*p.* 172. *tit.* 22. *s.* 99.) does not authorize; and the justice has no authority, in relation to this subject, except what the statute gives. The personal liberty of a citizen is not to be restrained, for want of other bail than such as the law requires. 3 *Burn's Just.* 15. *Commonwealth* v. *Ward*, 4 *Mass. Rep.* 497. *Commonwealth* v. *Morey*, 8 *Mass. Rep.* 78.

*N. Smith*, and *J. Beach*, for the state, contended, 1. That it is sufficient, in this action, to shew a complaint, warrant, arrest and examination, without averring, that the offence charged in the complaint was in fact committed by the defendant. These proceedings authorized the taking of the recognizance, whether the defendant was guilty, or not.

2. That the recognizance stated, and the one recited, in the declaration, are the same in legal operation : At any rate, the declaration is good, as it recites all the proceedings, and recites them truly.

3. That the amendment was properly allowed ; there being a written document to amend by. This was conformable to the decisions, and the practice. 1 *Root* 572. Besides, it is no ground of error, if the record was not amendable. It was not necessary, that any one should have been called. If the person bound over did not appear, he forfeited his recognizance. The calling in court is merely a mode of ascertaining the fact of non-appearance ; a fact susceptible of proof, by other evidence.

4. That it was no part of the justice's duty to *try Waldo*, but to examine into the cause for holding him to trial, and to discharge him, or bind him over, accordingly. He might have had an impartial trial by jury, at the first term of the court, having cognizance of the offence.

5. That the form of the recognizance, requiring *Waldo* to appear and answer to the *complaint* exhibited against him, is the usual form, and is not illegal or improper.

6. That as it was not the province of the justice to *try Waldo*, he could not properly decide upon his *guilt :* The only subject of enquiry before him was *probable cause.*

7. That the form of the recognizacce, so far as it required *Waldo* " to abide the doings of the court," is unexceptionable. These words only express the legal operation of the recognizance required by statute. The legislature have prescribed no particular form. If the statute does not authorize this

form ; yet as it is not illegal, the recognizance is not void. It is binding on principles of the common law. *Bartlett* v. *Willis,* & al. 3 *Mass. Rep.* 86. 100. *Clap* v. *Cofran,* 7 *Mass. Rep.* 98. *Burroughs* v. *Lowder* & al. 8 *Mass. Rep.* 373.

HOSMER, Ch. J. In this case, numerous objections have been made to the determination of the superior court.

1. The declaration is said to be insufficient, because it does not shew, by its averments, that any offence was committed, but only recites the grand-jurors information *in hæc verba ;* and because the bond is alleged to be on condition to answer " the matters in said complaint," whereas it was taken " to answer said complaint." The recital of the information is undoubtedly correct ; the sole object being to shew, that complaint was made to the justice, which authorized him to take the bond in suit : and as to the supposed variance, it is rendered immaterial, if it exist, by reciting the proceedings at full length. But, there is no variance, when the instrument described in the declaration corresponds, *in substance and legal operation*, with the one recited, or produced in evidence ; and that is the case before the court.

2. It is next objected, that the judge permitted an amendment of the record of the superior court, and received it in evidence ; and that this was done in opposition to the fact, without any thing to amend by, and after the term when the record was enrolled. It appears, that the amendment was made by the clerk, under the direction of the court, conformably to fact, and to the minutes he had made ; and on this point, sitting as a court of errors, so long as the alteration *purports* to have been made upon these principles, we have no revisionary authority. That an amendment of the record, in general, is inadmissible, after the term at which judgment was rendered, is a principle well established ; but it may be done, when there is a written *memorandum* to amend by ; for then it is merely the correction of a *clerical misprision. Foot* & al. v. *Cady,* 1 *Root* 173. And whether the correction of a mistake of this description affects the principal or his bail, there is no reasonable ground for any discrimination.

3. In the last place, it has been urged, that the bond of recognizance, on which the action is founded, was void ; and for several reasons.

It is established, by a constitutional provision, that, in all prosecutions by indictment or information, the accused shall

Waldo
v.
Spencer.

have right to a speedy public trial, by an impartial jury; (*Const. Conn. art.* 1. *sect.* 9.) but in this case, it has been said, a jury was denied, by the justice, and, of consequence, that all his future proceedings were a nullity. The objection is made on the ground, that before the justice there was a *trial* of the prisoner. This, however, is a misconception of the office of the justice, which was only to make enquiry, and if there was probable cause, to remit the prisoner to a trial before a court competent to render a judgment against him.

The recognizance of the defendants was on condition, that *Joseph T. Waldo* should appear before the superior court, and answer to the complaint against him ; and this was the proper and usual condition in such cases. The complaint is transmitted to the court, by the justice ; and when the party appears, he is tried upon it, unless the attorney for the state, after he is in custody, prefers a different information, which, unquestionably, he may do. The case of *Kingsbury* v. *Clark,* 1 *Conn. Rep.* 406. to which the court has been referred, has no bearing on the point under discussion. The prisoner, in the case cited, which originally was a complaint of *Julia C. Wilmot* against him, was bound over to answer *her* complaint ; and the court very correctly decided, that this did not oblige him to appear and answer to an information exhibited *by the state's attorney.*

It has been objected, that the justice did not find the issue against *Waldo* ; and this fancied irregularity has been supposed to vitiate his future proceedings. The justice was under no obligation to find the issue ; nor was it proper that he should have done so. *Waldo* was not *on trial* ; and whether he was guilty or not, was no point on which the exercise of the justice's jurisdiction depended. It was merely his duty to make sufficient enquiry, and ascertain whether there was probable cause for remitting him to trial before a court which had cognizance of the offence, and could judge efficaciously.

Lastly, it has been contended, that the bond being not only that the prisoner should appear, but that he should abide the judgment of the superior court, was illegal and void. The statute requires the justice to take bond for the prisoner's appearance only ; but it has been a very common practice, for many years, to superadd that *he shall abide judgment.* Whether an omission of the prisoner to do this, would authorize his imprisonment, is, at least, questionable. But a bond voluntarily given to abide judgment, is free from exception, and so

was adjudged in the case of *The County Treasurer* v. *Burr*, 1 *Root* 392. The principle of this decision has been sanctioned, by the determinations of other courts. *Bartlett* v. *Willis* & al. 3 *Mass. Rep.* 86. *Clap* v. *Cofran*, 7 *Mass. Rep.* 98. *Burroughs* v. *Lowder* & al. 8 *Mass. Rep.* 373. On the appearance of the principal before the court, to which he is recognized, and offering himself, or being offered by his surety, to be taken into custody, this is always done, and the bond, of consequence, is, by this act, discharged. The agreement to abide judgment, after it shall have been rendered, can never affect the prisoner, except by his own consent; and in many conceivable cases, it is a privilege.

I am of opinion that there is no error in the judgment complained of.

The other Judges were of the same opinion, except BRAINARD, J. who was absent.