STATE, CORNELIUS BRANSFIELD, COMPT., vs. ALBERT B. COLLINS.

JANUARY 3, 1906.

PRESENT: Douglas, C J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Certifying Constitutional Questions to Supreme Court.*

Section 475 of the court and practice act authorizes a District Court to certify a constitutional question to the Supreme Court only in the case of an offence within its jurisdiction "to try and determine," and only in such a case when it has found the defendant "guilty."

CRIMINAL COMPLAINT. Heard upon motion of complainant that case, certified to the Supreme Court on a constitutional question by a District Court, be remanded to the District Court. Granted.

PARKHURST, J. This is a criminal case wherein the defendant was brought before the District Court of the Third Judicial District, charged with keeping and maintaining a liquor nuisance in violation of certain of the provisions of chapter 92 of the General Laws.

Upon arraignment the defendant pleaded not guilty, and after one continuance the court proceeded with the examination of the case.

It appears from the transcript of evidence offered by the complainant during the examination, and now before this court, that the defendant was, during the time covered by the complaint, engaged in business as a retail druggist at the place alleged in the complaint to be a nuisance; and that on a certain day during the time covered by the complaint a search warrant was executed at the place in question, and a large quantity of intoxicating liquors of various kinds was seized under said warrant, a part of them in the drug store, part in the back room, and part in the stable on the premises. The complainant also offered other evidence in support of the several allegations of the complaint, making a *prima facie* case in support of the charge alleged, showing the existence of a back room, connected

with the drug store, having the appearance of a barroom, with beer, glasses, liquors, ice-chest, etc.; also evidence as to selling and drinking liquors on the premises. Evidence was also introduced as to .the notoriously intemperate character of persons frequenting the place, and as to the notorious character of the place.

At the conclusion of the complainant's evidence the following motion was offered by the defendant: "It appearing in the above entitled case that the respondent was during all the time covered by the complaint in this case a retail druggist and apothecary; and now during the trial of said case the respondent raises the constitutionality of sec. 1 of chapter 1223 of the Public Laws passed at the January session A. D. 1905, entitled 'An act in amendment of and in addition to chapter 102 of the General Laws entitled "Of the suppression of intemperance;'" and the respondent avers that said section 1 of Chapter 1223 is unconstitutional and void because it conflicts with section 10 of article 1 of the constitution of this State, and with section 1 of article 14 of the amendments to the constitution of the United States; and moves that if the respondent shall be found probably guilty, that said constitutional question together with a record of the case and a transcript of the testimony, or so much thereof as pertains to the constitutional question, shall be certified and transmitted forthwith to the Supreme Court for decision."

After argument upon this motion, the defendant was adjudged probably guilty. The defendant's motion was then granted by the court, and the following record of the case was made: "Arraigned, Oct. 27, 1905. Pleaded not guilty. Continued to Nov. 10th, 1905. Required to give recognizance in the. sum of $1000 with surety. Surety, Gurdon B. Hiscox, of Westerly. Nov. 13th 1905. On examination adjudged probably guilty and the constitutionality of section 52 of chapter 102 of the General Laws as amended by chapter 1223 of the Public Laws, making the finding of any liquors enumerated in said section, so amended, upon the premises of any retail druggist or apothecary, in quantities exceeding one half gallon, evidence that the same is kept for sale, having been

raised by the respondent, it is ordered that the constitutional question thus raised, together with a record of the case and a transcript of the evidence, be certified and transmitted to the Supreme Court for decision."

Upon the record, papers, transcript, etc., in the case being certified to this court by the justice of the court below, the complainant filed in this court the following motion: "In the above entitled case the complainant moves that said case be remanded to the District Court of the Third Judicial District with directions to said court to proceed with said case in the same manner as if a constitutional question had not been raised by the respondent, and the complainant so moves, because he says:

"1. That the offense with which the respondent is charged in the above entitled case, namely, keeping and maintaining a common nuisance in violation of the provisions of chapter 92 of the General Laws of this State, is an offense which is not within the jurisdiction of the District Court of the Third Judicial District to try and determine.

"2. That section 475 of chapter 27 of the court and practice act, under and by virtue of the provisions of which it was moved to certify the above entitled case to this court, and under and by virtue of the provisions of which said case was certified to this court, does not extend to or apply to a criminal case wherein the offense charged is beyond the jurisdiction of the court before which the same is pending to try and determine, and consequently said case was improperly and unlawfully certified to this court.

"3. That the respondent in the above entitled case was adjudged probably guilty of the offense charged in the complaint, by the justice of the District Court of the Third Judicial District, as appears by the record in said case, and it thereupon became the duty of said justice forthwith to certify the complaint in the above entitled case and all papers connected therewith to the clerk of the Superior Court for the county of Washington, in accordance with the requirements of section 172 of chapter 10 of the court and practice act.

"4. That all the evidence offered by the complainant and received by the court (claimed by the respondent to raise a

constitutional question under the provisions of section 52 of chapter 102 of the General Laws as amended by section 1 of chapter 1223 of the Public Laws) in the trial of the case below would have been competent, relevant, and proper in proof of the offense alleged in the complaint aside from the provisions of section 52 of chapter 102 of the General Laws as amended by section 1 of chapter 1223 of the Public Laws.

"5.   That the fact of the constitutionality or unconstitutionality of section 52 of chapter 102 of the General Laws as amended by section 1 of chapter 1223 of the Public Laws can not affect the present case, because all the evidence submitted by the complainant in the trial of the case is competent evidence, under said chapter 92 of the General Laws, and at common law, in support of the charge contained in the complaint.

"6.   That the complainant could not, and can not, obtain for any of the evidence submitted by him in support of the nuisance charge the probative force to which the same would be entitled in a prosecution under the provisions of section 52 of chapter 102 of the General Laws as amended by section 1 of chapter 1223 of the Public Laws, and the court below would have been in error to have attached the presumption therein created to the evidence submitted."

The offense charged in the complaint, namely, keeping and maintaining a liquor nuisance in violation of the provisions of chapter 92 of the General Laws, is one beyond the jurisdiction of the District Court to try and determine, as the penalty prescribed may exceed a fine of five hundred dollars, the limit of the justice's jurisdiction.   Gen. Laws, chap. 92, sec. 2.   Court and Practice Act, chap. 10, sec. 150.   The District Court therefore had jurisdiction, in this case, only to cause the defendant "to be apprehended, *examined,* bailed, or committed to jail, according to law, to answer · · · before the superior court."   Court and Practice Act, chap. 10, sec. 151.

The question now before this court is whether the District Court had the power to certify and transmit the constitutional question raised, to this court, under the provisions of the court and practice act, chapter 27, section 475, as it has assumed to

do; or whether it should have certified and transmitted the complaint and all papers connected therewith to the clerk of the Superior Court for the county of Washington, under the provisions of the court and practice act, chapter 10, section 172, as follows: "Whenever a district court upon a criminal complaint shall adjudge a defendant in any criminal complaint probably guilty of an offence, said complaint and all papers connected therewith shall forthwith be certified and be transmitted to the clerk of the superior court for the county in which said district court is established."

The provisions of the court and practice act, section 475, under which the District Court assumed to certify and transmit are as follows: "Whenever the constitutionality of any act of the general assembly shall be brought in question in the trial of a criminal cause in any court, the decision of the question shall be reserved and the trial of the case in other respects shall proceed as if the statute were constitutional; and if the defendant shall be found guilty, sentence shall be stayed, and the constitutional question raised, together with a record of the case, and a transcript of the testimony, or so much thereof as pertains to the constitutional question, shall be certified and transmitted forthwith to the supreme court for decision."

It will be noted that section 172, above quoted, does not contain any exception, but is peremptory in its terms. If it had been intended that the proceedings should be suspended, after the court had adjudged the defendant "probably guilty," it would have been easy to say so.

Again, it will be noted that section 475 uses the word "*trial*," and provides that if the defendant is "*found guilty, sentence shall be stayed*" and the constitutional question shall be certified, etc.

We think the word "trial" is used advisedly in this section, and is intended to have its technical meaning, viz.: "the examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a case for the purpose of *determining* such issue." Bouv. Law Dict. The distinction between "examination" and a "trial" has been well set forth in *State* v. *Bergman*, 37 Minn. p. 407.

In that case Gilfillan, C. J., says (p. 408): "The question in the case is, do these provisions apply to an examination by a justice of the peace, under chapter 106, of a person accused of crime? Such an examination is, of course, a proceeding; and if there were nothing else but that word and the word 'action' to indicate the cases in which a transfer can be demanded, the right would apply to such examination. But the words, 'at any time before the *trial* commences,' and 'proceed to *hear* and *determine* the same,' show that the proceeding must be one in which there is to be a trial before the justice, and which on such trial he is to *determine.* The word 'trial,' which means the judicial hearing upon the issues in a cause for the purpose of determining it, can not properly be applied to such an examination, which is a mere preliminary inquiry to ascertain if the evidence is such that the accused ought to be put upon trial for the offence charged. The issue being the guilt or innocence of the accused, it is not affected by the result of the examination. If he is discharged, new proceedings may be at once commenced against him for the same offence; if he is held, that fact can have no influence on the issue of his guilt when he is put on his trial to have it determined. The justice neither tries nor determines the issue in the proceeding. And we are satisfied that section 20 refers only to actions or proceedings that he does try and determine. In an analogous case the Supreme Court of Wisconsin decided as we do. See *Duffies* v. *State,* 7 Wis. 672.

"Order reversed."

And the same distinction has been observed in *Withers* v. *State,* 36 Ala. 264; *Com.* v. *Harris,* 8 Gray, 470; *Com.* v. *Boyles,* 14 Gray, 3; *Com.* v. *Hamilton,* 129 Mass. 479; *Com.* v. *Sullivan,* 156 Mass. 487, 489; *Waldo* v. *Spencer,* 4 Conn. 71, 78; and is recognized by all the leading authorities on criminal proceedings.

Again, a careful examination of the court and practice act shows that this same distinction is clearly maintained throughout the act, wherever it touches the question of the power of the District Court either "to try and determine" or to apprehend, examine, bail, or commit to jail to answer before the Su-

perior Court.    See Court and Practice Act, chap. 10, secs. 150, 151, 160, 165, 166, 167.

Again, the words, "if the defendant shall be found *guilty*, *sentence* shall be stayed," etc., are not appropriate to the proceedings in a case which is not within the jurisdiction of the District Court "to try and determine;" the defendant can only be "found guilty" and "sentenced" by a court having power "to try and determine;" and it is evident that the finding, "adjudged probably guilty," in this case, is not equivalent to the words "found guilty" in the statute, so as to operate as the requisite condition precedent to the certification of a constitutional question to this court.

(1)       It is apparent, therefore, that the court and practice act, section 475, authorizes a District Court to certify to this court a constitutional question only in the case of an offence within its jurisdiction "to try and determine," and only in such a case when it has found the defendant "guilty;" and that in a case not within its jurisdiction "to try and determine," such a question can not be certified by the District Court, under section 475.

The court and practice act, does, in our opinion, substantially change the practice of the courts in this matter in a criminal case from the practice established by General Laws, 1896, chapter 250, sections 1 and 2, which are as follows:

"SECTION 1.    If, in any cause or proceeding, civil or criminal, pending before any court, the constitutionality of any act of the general assembly shall be brought in question, the court shall rule the act to be constitutional, and in writing note the question and sufficient of the evidence to explain the same, and such note and evidence shall form part of the record; and thereafter shall go on and try the cause as though such question had not been raised: *Provided*, that if the constitutionality of any such act shall be brought in question in any civil cause or proceeding so pending, but before the trial or hearing thereof shall have begun, the parties to such cause or proceeding may concur in stating such question in the form of a special case, and the statement thereof shall form part of the record; but said cause or proceeding shall not be assigned for trial or hearing

in the court in which the same then is, until said question shall have been determined, and said question shall, by the clerk of said court, be at once certified to the appellate division for its decision of said question, subject to the same procedure thereafter as is provided in this chapter as to such questions.

"SEC. 2. If verdict or decision be rendered in the cause against the party raising the constitutional question, judgment shall be stayed, and the clerk of the court shall, after the period of five days from the day on which such verdict or decision was rendered, certify and transmit the record of the cause to the appellate division of the supreme court, for its decision of such constitutional question."

A similar practice was authorized under Public Statutes of 1882, chapter 220, sections 1 and 2, as follows:

"SECTION 1. If in any cause or proceeding, civil or criminal, pending before any court other than the supreme court, the constitutionality of any act of the general assembly shall be brought into question, such court shall rule such act to be constitutional and go on and try the cause as though such question had not been raised.

"SEC. 2. If judgment be rendered in the cause against the party raising the constitutional question, the court shall forthwith certify the cause to the supreme court for their decision of the constitutional question, if in session, and if not in session, then to the session thereof next to be holden in any county of the state by adjournment or at a regular term."

Under these statutes, in a criminal case, which was not within the jurisdiction of the District Court "to try and determine," it was competent for the District Court, after "decision" (chapter 252, section 2, 1896) or "judgment" (chapter 220, section 2, 1882) "against the party raising the constitutional question," to certify the cause for decision of the constitutional question; and this was so held, under the statute of 1882, in *State* v. *Brown & Sharpe Mfg. Co.* 18 R. I. 16, on the ground that the word "judgment," used in chapter 220, section 2, 1882, was broad enough to include the finding of a District Court, "adjudging" the defendant "probably guilty."

The changes in the statutes, which are apparent upon a com-

parison of the sections heretofore quoted and discussed, leave no doubt in our minds that the legislature intended to change the practice, and that it is so changed as we have set forth.

The cause is remanded to the District Court of the Third Judicial District, with directions that the complaint and all papers connected therewith be forthwith certified and transmitted to the clerk of the Superior Court for the county of Washington, pursuant to the provisions of chapter 10 of the court and practice act, and particularly of section 172 of said chapter.

*Thomas H. Peabody and Harry B. Agard,* for State.

*Clarence A. Aldrich and John W. Sweeney,* for defendant.