1804.

BRACE,
v.
CATLIN.

have seen, be taken otherwise. It is, therefore, within the exception of the statute.

If barely the circumstance, that an instrument contains evidence of the payment of a sum of money, renders it admissible under the general issue, the statute will be defeated ; for almost every discharge or acquittance under the hand of the party contains such evidence. The payment, however, in such cases, as in the present case, is not the payment or performance of the original debt or duty, but of what the party receiving has accorded to accept, *in lieu thereof ;* and it is the accord only, a fact not enquirable into under the general issue, that gives relevancy to the payment.

# Davis *v.* Salisbury.

## In the Court below,

STEPHEN REED, PETER FARNHAM, and LOTT NORTON, select men of the Town of Salisbury, *Plaintiffs ;* SHELDON DAVIS, *Defendant.*

A justice of peace, living in the town interested, may, upon complaint of selectmen, founded on the statute of bastardy, recognize the accused to the County Court. On such complaint the mother need not be examined, in the time of travail, and may be compelled to testify.

THIS was a complaint, by the select men of the Town of Salisbury, for and in behalf of said Town, upon the statute concerning bastardy, stating, that *Abigail Knapp* of Salisbury was pregnant with a child, which, when born, would be a bastard ; that she was poor and needy, and said child *was likely to become expensive and chargeable to said Town,* &c. By virtue of a warrant, founded upon this complaint, *Davis* was arrested, and brought before *Joshua Porter,* Esq. of Salisbury. To this complaint and process *Davis* pleaded in abatement, that the said *Abigail* did not make oath, that he was the fath-

er of the child, *previous* to the issuing of the warrant; that the justice was an *inhabitant of the Town of Salisbury*, and incapable of trying said complaint ; that said *Abigail* was a *married woman*, and unable to make and substantiate the complaint ; and, that the complaint was insufficient. The justice decided, that the plea in abatement was insufficient, and that the complaint was sufficient. *Davis* then pleaded *not guilty*, and was recognized to appear at the County Court. The County Court found the plea in abatement insufficient, and a supplemental bill was then filed, stating, that the child was born. The defendant pleaded in bar, that said *Abigail* had not been constant in accusing him of being the father, for that she did not accuse or charge him in the time of her travail.

To this plea there was a demurrer, and it was adjudged insufficient. The Court then, after due enquiry, found the defendant guilty, and made an order, that he find bonds, &c. Said *Abigail* was offered as a witness, to testify who was the father of the child. She was objected to, on the ground that she was a married woman, although it was agreed, that she had not lived with, nor seen, her husband, for eight years. The Court decided, that she was obliged by law to testify, and ordered her committed, until she should testify, who the father of the child was.

A writ of error was brought to the Superior Court, and the causes assigned were :

1. That said plea in abatement was adjudged sufficient.

2. That said *Abigail* was compelled to testify who the

father of the child was, she being a married woman, and not a party to said process.

3. That the plea in bar was adjudged sufficient.

4. That said Court, on said plea in bar, gave judgment that *Davis was guilty*, and that he find bonds, &c.

The judgment was affirmed in the Superior Court, and a writ of error brought to this Court, to obtain a reversal of that judgment.

*Sterling*, and *Gould*, for the plaintiff in error.

1. The justice was not, in this case, a competent judge. Inhabitants of communities, who are parties to a suit, are not competent witnesses, except from necessity. In *Hindson* v. *Kersey*, (*a*) a case illustrious in the law, it was held, by Lord CAMDEN, that a parishioner could not be a witness to a will, from which the parish was to receive an advantage. A judge ought to be removed from all suspicion of interest. But justice *Porter* sat in *his own case;* and had the same interest, as though the suit had been for money. A prosecution for pound-breach, or rescue, is not a *civil* action; and the proceedings, therefore, are not authorized by our statute giving penalties to town treasuries. *There*, the prosecution is in the name of the State, upon a *qui-tam* complaint; *here*, the remedy asked for is for the benefit of the Town, and prayed for in behalf of the Town. This is purely a *civil* cause. The defendant is not prosecuted for *an offence*, nor considered as *a delinquent;* but the suit is merely to secure the Town from an illegitimate child.

(*a*) Ante 41.

If the defendant gives the security, nothing further can be done. That the rest of the inhabitants of Salisbury are interested, as well as the justice, is no more a reason why the justice should try the action, than it is that A. should try a case, in which he is interested, because B. and C. are likewise interested.

It is said, a magistrate of a town may try a suit brought by a pauper of that town. But, in that case, no interest, which the law recognizes, exists.

A judgment of a justice of East-Haven, upon a bye-law of that Town, by which one half the penalty went to the Town, was unanimously reversed by the Superior Court. (b)

It is said, that in this case, the justice did not decide the merits of the case. But sufficient for us is it, that he did *judicially* decide a question, in which *he was a party*. And if the justice could not do this, the County Court had no legal jurisdiction;—the case was never before them.

2. This complaint is insufficient; because it does not appear, that the woman is an inhabitant of the Town of Salisbury, and if not an inhabitant, that Town is not bound to support the child, (c) and consequently has no claim upon the reputed father. In the complaint, she is described as of the Town of Salisbury, but no more is implied by this, than that *she dwells* in that Town.

3. She was not put to the discovery of the truth, in the

(b) *Ives* v. *East-Haven, M. S.*
(c) 1 *Root* 155, *Canaan* v. *Salisbury.*

time of her travail. The statute is intended as a guard to *the man*, as well as the woman ; and, therefore, provides, that he shall be subjected, if she continue " constant in her accusation, being examined upon oath, and " put to the discovery of the truth, during the time of her " travail." (*d*) But a difference is attempted to be made between prosecutions brought by the select men, and by the woman herself. Every argument, however, used in the one case, is applicable to the other. The select men are authorized to pursue a suit commenced by the mother. Are they not, then, authorized to support it, by the same evidence?

4. The mother should not have been compelled to testify, to criminate herself ; by her own testimony, to convict herself of adultery, and bastardise her issue. It is said to be unreasonable, that the Town should be deprived of her testimony. The idea of collusion between the parents is not sufficient to authorize a court to dispense with the rules of law. A party may often lose his evidence, and must bear it as his own misfortune. Thus, if an Insurance Company require a certificate of select men as the only proof of loss, if the select men will not give such certificate, the party cannot recover.

5. As to the judgment, it is remarkable, that the Court should have found the defendant *guilty*, when the question as to his guilt was not made. But they have not found, that the mother was examined. This was determined by the Superior Court, in *Penfield* v. *Norton*, (*e*) to be necessary. There, the Court went upon the ground, that as the statute evidence was necessary, it must appear that that evidence existed.

(*d*) *Stat.* 54.                    (*e*) 1 *Root* 345.

*Strong*, and *Smith*, (of Woodbury) for the defendants in error.

1. The interest of the justice was a minute one ; such an interest as would not have prevented his being a witness. The justice is interested in every prosecution for sabbath-breaking, pound-breach, and pound-rescue. But the interest is so minute, that it comes within the maxim, *de minimis lex non curat.* This, however, was not an action in the name of the Town to *recover money ;* but merely to *obtain security,* against a remote contingency. Were a town pauper to bring a suit before a justice of the Town where such pauper is settled, though the justice would have an interest, yet he could try the cause. But, in this case, the justice was not to adjudge upon the merits of the case ; his act was merely a ministerial one, to hand up the record to a higher court.

2. It is said, that the complaint is insufficient, because it does not state, that the mother would not prosecute. But it is stated, that the child is likely to *become chargeable.* Were it otherwise, the plaintiff would not be bound to negate every fact, which might constitute a ground of defence. In declaring on a note, he need not state, that it is not usurious, was not obtained by duress, &c. The mother is said to be *of Salisbury,* and the child likely to *become chargeable to Salisbury.*

3. It is objected, that the woman was not examined, in the time of her travail. In a suit brought by the woman herself, it is admitted, that this is necessary. When a person is to recover a premium for her own iniquity, and to support it by her own testimony, too strong guards can hardly be placed around that testimony. It ought not to depend upon the uncorroborated oath of

the party. But, in a prosecution by the select men, the woman is disinterested; at least, she has no pecuniary interest. The same guards were not necessary, and were not imposed. This part of our statute is similar to the English statute, and is to be construed like that. By that statute, the woman is not to be examined, during the time of her travail. If such examination were necessary, that part of the statute, which authorizes select men to prosecute, would be a dead letter; for the woman would never accuse the father, after a compromise had been made with her; and no law would compel her, *at that time*, to disclose.

4. It is objected, that *Abigail Knapp* was a married woman. This does not appear from the complaint. The complaint states, that the child would be a bastard. The plea in abatement states, that the mother was a married woman; but this does not negate the statement in the complaint, that the child, when born, would be a bastard. It appears, that she has not seen, nor lived with her husband, since the year 1791; it cannot, therefore, be pretended, that the husband had access. The old doctrine, that the wife cannot have a bastard, while the husband is within the four seas, is exploded. (*f*) The mother was likewise a proper witness, upon the enquiry who the father was, though not as to the point of access. The authority given by the statute to a town to proceed, will justify the Court in admitting the only evidence, which can be expected, as to the fact. But though the Court made an order, that she should testify, it no where appears, that it was executed, or that she did testify.

5. Again, it is objected, that the judgment is bad, be-

(*f*) 2 *Stra.* 925, *Pendrell* v. *Pendrell.*

cause it has found the defendant *guilty*. But he has confessed his guilt, by his plea in bar ; besides, he must be found guilty, before the Court can make an order. These prosecutions are so far of a criminal nature, that the Court always find the facts. The finding is, therefore, correct. If it were not, it would be merely surplusage. But the plea of *not guilty* was before the Court ; it appears upon the record ; and it was proper for the Court to answer it.

The Court, it is true, have not stated, that the woman was examined. They are not obliged to detail the evidence, which was exhibited.

Perhaps too, it is not necessary, in a prosecution by select men, that the mother should be examined, if the fact can otherwise be made out ; for she may have absconded.

BY THE COURT,
                          The judgment was affirmed.

1804.

DAVIS
*v.*
SALISBURY.

# Deming *v.* Taylor.

In the Court below,

JULIUS DEMING, and JOSEPH LYMAN, executors of *Lynde Lord, Esq. Plaintiffs* ; DAVID TAYLOR, *Defendant*.

THIS was an action on the case, stating, that *Taylor* brought his action against *Lord*, as sheriff, declaring that one *Gunn* was committed to gaol, upon an execution in favor of *Taylor*, and that *Lord* suffered *Gunn*, freely and voluntarily to go at large, and escape from prison, against the will of *Taylor*. *Lord* pleaded, and the Court

An action on the case, for expences incurred, in defending against a groundless suit, cannot be maintained by the executor of such defendant.
