## BRADLEY *against* BALDWIN:

### IN ERROR.

Where a penalty, inflicted by the by-law of a town, was to be paid, one half to the informer, and the other half into the treasury of the town; it was held, that a *qui tam* action for such penalty, in the name of the informer and the treasurer of the town, was sustainable.

The correct form of a judgment for the plaintiff, in such case, is, that he recover the penalty, the one half to his own use, the other half to e paid into the treasury of the town; and if the clerk, by mistake, enter judgment, that the plaintiff recover the whole penalty, the court will direct him to amend the record, from the *memoranda* in his possession.

This was an action of debt, brought by *Baldwin* against *Bradley*, to recover the penalty of seven dollars, inflicted by a by-law of the town of *Branford*, for taking clams contrary to the provisions of such by-law. By the terms of the by-law, the penalty was given "one half to him, who shall prosecute the same to effect, and the other half to be paid into the treasury of said town." At the beginning of the declaration, the plaintiff averred, that he "sued and prosecuted this action, as well in the name and behalf of the treasurer of the town of *Branford*, as in his own name;" and concluded thus: "whereby an action hath accrued to the plaintiff, who sues as aforesaid, to have and receive of the defendant the said sum of seven dollars, one half thereof to be paid into the treasury of the said town of *Branford*, the other half to the plaintiff."

On reversal of a judgment of the justice, before whom the action was originally brought, in favour of the defendant, the plaintiff entered the cause in the superior court, where it was tried, on the general issue; and the jury gave a verdict for the plaintiff. The defendant moved in arrest of judgment, on the

ground that the declaration was insufficient. The court adjudged the declaration sufficient, and rendered judgment in favour of the plaintiff to recover of the defendant the sum of seven dollars damages, and his costs. To obtain a reversal of the latter judgment, the record, on motion of the defendant, was transmitted to this Court, pursuant to the statute of *May*, 1823.

*New-Haven*,
June,
1824.

Bradley
*v.*
Baldwin.

*Staples* and *Hitchcock*, for the plaintiff in error, contended,
1. That where a penalty is given by moieties, the declaration which claims it, is insufficient, unless all persons interested in such penalty are parties to the record. *Dr. Trigg* v. *The College of Physicians*, in err. *Style* 329. *Pie* v. *Westly*, *Hob.* 245. *2 Jones (Sir Thomas)* 226. *Canning* v. *Davis*, 4 *Burr.* 2417. *Delves*, q. t. v. *Strange*, 6 *Term Rep.* 158. *Dickinson* v. *Potter*, 4 *Day* 340. 1 *Swift's Dig.* 586. Here, the individual and the town had each a separate interest, by virtue of the positive provision of the by-law. The individual must enforce the *entire remedy*, if any ; and this he cannot do, without joining the town in the suit.

2. That the *treasurer* of the town is only a town officer, and, as such, can no more be joined, than the select-men, the clerk, or any other town officer. The town itself is capable of suing and being sued. The treasurer is not a party interested. *Piggott* v. *Thompson*, 3 *Bos. & Pull.* 147. *Dugan & al.* v. *The United States*, in err. 3 *Cranch* 172. *Caswell*, q. t. v. *Allen*, 10 *Johns. Rep.* 118. The two former of these cases are *decisions* upon the point; and last shews the *practice* in the state of *New-York*, *viz.* that where the statute gives one moiety of the penalty to the individual, who prosecutes, and provides, that the other moiety shall be paid into the treasury of the state, the party joined is not the treasurer, but the people—*i. e.* the state.

3. And ... if the town ought to have been joined, the defect is not c...o...y verdict. It appears on the face of the declaration. There can be no intendment. The objection is not, that title of the treasurer is defectively stated, but that he has no title.

4. That if the declaration be sufficient, still the judgment is erroneous ; because it is rendered in favour of the individual only, and not for him and the town. *Dr. Trigg* v. *The College of Physicians*, in err. *Style* 329. *Dickinson* v. *Clare*, 2 *Keb.* 820.

*Denison* and *R. S. Baldwin*, contra, insisted, 1. That the
VOL. V.

New-Haven,
June,
1824.

Bradley
v.
Baldwin.

declaration was sufficient, as it shewed, explicitly, who were entitled to the penalty; and it was not necessary, that the town should be made a *party* to the suit. The informer is the sole party; he can controul the suit; he alone is liable for costs. 1 *Chitt. Plead.* 356. *Com. Dig.* 313. (*Rose's* ed.) *tit.* Action upon Statute, E. 1. *Balchin* v. *Clarke, Barnes* 471. *Frederick* v. *Lookup,* 4 *Burr.* 2021. Wherever the offence is not, from its nature, a contempt of the king's authority, the king need not be named.

2. That joining the treasurer of the town, was, in effect, joining the town. Where a penalty is to be paid into the treasury of any community, it is according to the most approved precedents, *English* and *American*, and in pursuance of long established usage in this state, for the treasurer of that community to sue for such penalty. *Evans,* q. t. v. *Stevens,* 4 *Term Rep.* 224. *Humphreyville* v. *Perkins,* 5 *Day* 117. 2 *Swift's Dig.* 568. 569. 573.

3. That the defect, if any, was mere matter of form, and cured by verdict. 1 *Day* 186. n.

4. That although the judgment should have followed the declaration, yet as the alleged defect is merely formal, arising from a mistake of the clerk, it may be amended. He has the declaration and other *memoranda* to amend by.

Hosmer, Ch. J. The principal question before the court involves a mere point of practice, long and uniformly settled. If the exigencies of the case demanded it, and the question were open, I should incline to the opinion, that the action of the plaintiff might have been sustained in the name of the informer only; but on this subject, I express no decided judgment. The former ground mentioned is sufficient; and unless some palpable evil can be shown, which has not been attempted, it is absolutely conclusive. Were it requisite, it easily could be made to appear, that the practice here adopted, is founded on unquestionable principle. But I forbear to do this; and wish to be understood as placing my opinion on this ground only, that the action is brought conformably to *a settled practice, which ought never to be disturbed,* unless it is pregnant with some gross evil. Nothing of this nature has been, or can be, urged, in this case.

The word *treasury,* by an easy metonomy, may be construed as synonymous with *treasurer;* either of them designating the manner in which the money recovered is to be applied.

The judgment below, undoubtedly, ought to have been rendered for the plaintiff, to recover the penalty, the one half to his own use, and the other moiety to be paid into the treasury of the town; but this error, which is merely clerical, the clerk is directed to amend, from the *memoranda* in his possession.

*New-Haven,*<br>June,<br>1824.<br>Bradley<br>*v.*<br>Baldwin.

PETERS, BRAINARD and BRISTOL, Js. were of the same opinion.

> Record to be amended; and
> Judgment affirmed.