*Windham,*
July, 1828.

HOPKINS *against* The town of PLAINFIELD :

IN ERROR.

Where the complaint, in a suit by the town, for the maintenance of a bastard
child, averred, that such child was a settled inhabitant of the town, and
likely to become chargeable thereto, and that no bond or other security
had been given to indemnify the town against the expense for the support
of the child ; it was held to be sufficiently shewn, by these averments, that
the town was interested in the support of the child.

In such suit, it is no objection that the act complained of is not averred to be
*contra formam statuti,* unless it appear, that the proceedings are not found-
ed upon the statute, but rest upon the common law

Where the complaint prayed process against the person accused, that he
might be arrested, and brought before proper authority, and be dealt with,
*as by the statute in such case made and provided is directed,* it was held,
that this was equivalent to an express averment, that the complaint was
instituted on the statute.

The proper remedy, and the only one known in practice, in favour of a town,
against the putative father of a bastard child, for the maintenance of such
child, is by complaint and warrant.

A bond given to the treasurer of a town, is, in law, a bond to the town.

It is not a sufficient ground of abatement of the complaint, in a proceeding
for the maintenance of a bastard child, that the bond required of, and given
by, the defendant, for his appearance, was an improper and invalid one.

Where the defendant in such proceeding appeared before the justice, to whom
the complaint was exhibited, and pleaded *not guilty;* and such justice,
after examination, found him *guilty,* and bound him over to the county
court ; it was held, that such finding, as it included *probable cause,* author-
ized the binding over, and the proceeding was not, on that account, erro-
neous.

In such proceeding, it is not a ground of error, that the complaint was exhib-
ited to, and a warrant thereon was issued by, one justice of the peace ; and
such warrant was returned to another justice, by whom the complaint was
heard, and the defendant bound over.

THIS was a suit for the maintenance of a bastard child, in-
stituted and prosecuted, by the selectmen of the town of
*Plainfield,* against *Hopkins,* the person accused of begetting
such child.

The complaint was addressed to *Joseph Eaton,* Esq., a jus-
tice of the peace, stating, That on the 12th of *April* 1824, *Bet-
sey Hall,* a legal and settled inhabitant of the town of *Plain-
field,* was, at said *Plainfield,* delivered of a bastard child,
begotten by said *Hopkins;* that said *Betsey* had neglected to
bring forward a suit for the maintenance of said child, and to
prosecute the same to final judgment ; that said child is a set-

tled inhabitant of said town of *Plainfield*, and likely to become chargeable thereto ; and that no bond or other sufficient security had ever been offered to said town of *Plainfield*, to indemnify said town for the support of said child. The complaint concluded thus : " Whereupon the said town of *Plainfield*, by their selectmen, pray process against the said *Hopkins*, that he may be arrested and brought before the proper authority, and be dealt with, as by the statute in such cases made and provided, is directed." To this complaint was annexed a warrant, issued by justice *Eaton*, by virtue of which *Hopkins* was arrested, and brought for examination before *Francis B. Johnson*, Esq., a justice of the peace. There he pleaded *not guilty ;* and justice *Johnson*, after hearing the testimony, found him *guilty*, and ordered him to give bond with one sufficient surety, to the treasurer of the town of *Plainfield*, for his appearance before the county court, to answer to the charges in the complaint, and abide the order of said court thereon. The defendant gave bond accordingly.

Before the county court the defendant pleaded in abatement, 1. That the complaint was made to *Joseph Eaton*, Esq., as justice of the peace, and the warrant issued thereon, was issued by him, and it was returned to *Francis B. Johnson*, Esq., another justice of the peace, who heard the complaint and ordered the defendant to be bound over for trial.

2. That justice *Johnson* found the defendant *guilty* of the facts set forth in the complaint, and thereupon ordered the defendant to become bound with one sufficient surety ; whereas he should have found, that there was *probable cause*, and ordered the defendant to become *bound with surety*

3. That the bond ordered to be given, and the bond actually given, was to the *treasurer* of the town of *Plainfield ;* whereas the bond should have been ordered and taken to the *adverse party*, viz. to the town of *Plainfield*.

To this plea in abatement there was a demurrer. The court adjudged it insufficient, and ordered the defendant to answer over.

He was then tried on the complaint, under the plea of *not guilty ;* the court found him *guilty ;* and thereupon passed a final order pursuant to the statute. To reverse the judgment of the county court, the defendant brought a writ of error in the superior court ; which was reserved for the advice of this court.

*Windham,  Judson,* for the plaintiff in error, contended, 1. That the
July, 1828.  complaint was insufficient.

Hopkins
*v.*
Plainfield.

First, it does not allege, that the town of *Plainfield* is inter-
ested in the support of the child.   If the defendant is liable at
all, it is because the statute has made him liable ; and to entitle
the plaintiffs to a recovery, they must state all the facts ne-
cessary to bring the defendant precisely within the statute.
*Morse* v. *The State,* 6 *Conn. Rep.* 9.

Secondly, the act complained of is not alleged as *contra for-
mam statuti.*   This is necessary in all cases, where such act
was not the ground of an action at common law.   1 *Chitt.
Plead.* 360.    *Lee* v. *Clarke,* 2 *East* 333.

Thirdly, the remedy authorized by the statute, is a civil ac-
tion, and not a criminal proceeding like the present.    *Hinman*
v. *Taylor,* 2 *Conn. Rep.* 357. 360.

2. That the plea in abatement was sufficient.

First, because the complaint was made to one justice, and
the proceedings were had before another.   The statute re-
quires the justice, to whom the complaint is exhibited, to issue
a warrant and cause the person accused to be brought before
*him.    Stat.* 91, 2.   Previous to the late revision, the statute
was different.    *Stat.* 100. *sect.* 2. ed. 1808.

Secondly, because the defendant was found *guilty,* when
*probable cause* was the extent of the enquiry, which the jus-
tice was authorized to make.    *Stat.* 92. *Waldo* & al. v. *Spen-
cer,* 4 *Conn. Rep.* 71.

Thirdly, because the bond was ordered to be given to the
*treasurer* of the town, and not to the adverse party, *the town.
Hollister* v. *White* & al. 2 *Conn. Rep.* 338.


*Eaton,* for the defendants in error.


**Daggett, J.**   The objections to the judgment of the county
court, and by reason of which, it is insisted, the judgment ought
to be reversed, will be briefly noticed, in the order taken by
the plaintiff in error.

1. The original complaint is insufficient, because it is not
alleged, that the town of *Plainfield* was interested in the sup-
port of the illegitimate child.   It is said, according to the case
of *Morse* v. *State,* 6 *Conn. Rep.* 9. an indictment or informa-
tion upon a statute must state all the facts necessary to bring
the defendant precisely within the statute.   There can be no

doubt of the correctness of this principle; but on looking into this complaint, there appears no foundation in fact to sustain the objection. It is averred in the complaint, that the child is a bastard, born at *Plainfield ;*—that the mother is a settled inhabitant of the town ;—that she has neglected to institute any suit for the maintenance of the child ;—that no bond or other security hath been given to indemnify the town against the expense for the support of the child, which is a settled inhabitant of the town and likely to become chargeable thereto. It is difficult to see how the allegations could have been more apt and full to the purpose.

2. The act is not alleged to be *" contra formam statuti."* To give any force to this objection, it must appear, that the proceedings are not founded upon the statute, but rest upon the common law ; and as this is not an offence at common law, but is merely so by statute, it should have so appeared. The complaint is not only apparently, but by an express averment, instituted upon the statute. Thus, after stating the facts, it concludes : " Whereupon the said town of *Plainfield,* by their selectmen, pray process against the said *William Hopkins,* that he may be arrested, and brought before proper authority, and be dealt with, *as by the statute, in such case made and provided, is directed."* The statute does not prohibit the begetting of a bastard child ; it simply provides how it shall be supported, and gives to the town interested in its support a peculiar remedy for indemnity. That remedy is here strictly, and *"eo nomine,"* pursued.

3. This is not such an action as the statute authorizes. In support of this objection *Hinman* v. *Taylor,* 2 *Conn. Rep.* 360. is cited. Nothing appears in that case, except that a process upon the statute is a civil suit. It is not there declared what shall be the form of the process ; nor are we furnished by the counsel with any form. It is believed, that the process here adopted is the only one known in practice ; and no solid reasons are suggested, why it is not entirely correct. These objections, therefore, fail.

Sundry matters were pleaded in abatement of this process, before the county court, to which it was returned. The order of these will, in the consideration of them, be reversed.

1. The bond ordered to be given, and the bond given, was to the treasurer of the town of *Plainfield,* whereas the bond

*Windham,*  should have been taken to the " adverse party," to wit, the
July, 1828.  town of *Plainfield.*

Hopkins     Two obvious and sufficient answers to this ground of abate-
*v.*
Plainfield.  ment present themselves.

First, the bond was, in fact, and in law, ordered and given to
the town of *Plainfield,* the adverse party. A bond to the town
treasurer, is a bond to the town, and to no one else. *Bradley*
v. *Baldwin,* 5 *Conn. Rep.* 288. A bond in this case could
only be to the adverse party. Secondly, if it were not so, is
this a ground of abatement ? What if the defendant were not
to be affected by the bond, is the process, therefore, to abate ;
and even, if it were a cause of abatement, in any case, could
the defendant be heard to allege it ? Can he be injured or
affected by it ?

2. The justice of the peace before whom the defendant in
the process was brought, upon a hearing, found him *guilty ;*
whereas by the directions of the statute, he was authorized to
order him to be recognized to appear before the county court,
if he found *probable cause.* By the record of the justice, it ap-
pears, that the defendant before him pleaded " *not guilty ;*"
and he answered the plea in his judgment, by finding him
*guilty.* It was not necessary, that the defendant should have
pleaded at all ; but as he did, and was found guilty, it is not
easy to see why the justice should not bind him over to the
county court. He found more than *probable,* even *actual*
cause. The case of *Waldo* & al. v. *Spencer,* 4 *Conn. Rep.*
71. cited in support of the objection, proves it unfounded.

3. The last ground of abatement was, that this process was
issued by one justice of the peace, *viz. Joseph Eaton,* Esq., and
the person charged, was directed to be, and in fact was,
brought before another justice, *Francis B. Johnson,* Esq.
This is the only ground of error, worthy of consideration ; but
it is not sufficient to reverse the judgment.

It is said, and truly so, that the statute of 1821 is materially
variant from that previously in force. By the former statute
[*sec.* 2. of the ed. of 1808.] every assistant or justice of the
peace might bind over to the county court, &c. By the act of
1821, it seems, the justice of the peace, to whom the complaint
is made, &c., shall issue his warrant to cause the person char-
ged to be brought *before him,* and *he* is to bind over, &c. But
this alteration, by the terms of it, affects only the process insti-
tuted by the mother, and has no bearing upon that instituted by

the town. *That* is left, precisely where it was, (so far as this *Windham,* question arises) and therefore, it is to be presumed, that the July, 1828. legislature intended no alteration. It is well known, that under the former act, the process by the mother and that instituted by the town might alike be both issued by one justice of the peace, and made returnable before another; and since there is no alteration in the law of 1821 in relation to the process by the town, either in direct terms, or by fair implication, I think this process is good. This construction of the statute is more readily assented to, because the acts to be done by the justice, are merely ministerial; and there can be no importance attached to the question, what justice shall perform this merely ministerial act. In *Davis* v. *Salisbury,* 1 *Day* 278. the court of errors held, that a justice of the town interested, might bind over to the county court, the person arrested. That decision has been acquiesced in, recognized, and followed, ever since.

There is, then, no error in the judgment complained of.

The other Judges were of the same opinion, except BRAIN-ARD, J., who was absent.

Judgment to be affirmed.