## KILBOURN *against* THE STATE OF CONNECTICUT :

### IN ERROR.

A justice of the peace may take cognizance of a grand-juror's complaint for keeping tavern without a licence, though such justice is an inhabitant of the town, in which the offence is alleged to have been committed, and to the treasury of which, the penalty, in case of conviction, will go.

In an information for a first offence, (in contradistinction to a second or third, with an increased penalty,) it is not necessary to state it as a first offence ; but this will be presumed, in the absence of any allegation of a different import.

The acts prohibited by the 7th section of the statute relating to taverns, though distinct in their nature, and done at different times, and in relation to several persons, may be charged in one count, as constituting a single offence.

Where an information for a breach of such statute, averred, that the defendant, on the 20th of *July* 1831, and on divers other days, sold and delivered to *A.*, *B.* and *C.*, rum, brandy and other strong liquor, to be drunk at the defendant's shop in *M.*, without licence, the precise quantity of such rum, brandy and other liquor being unknown ; it was held, that this averment was sufficiently certain.

THIS was a complaint or information against *Jonathan Kilbourn*, jun., presented, by a grand-juror of the town of *Middletown*, to *Abiel A. Loomis* Esq., described as of said *Middletown*, a justice of the peace within and for the county of *Middlesex*. There were two counts. In the second, it was alleged, That said *Jonathan Kilbourn*, jun., not being a person duly licenced to keep a house of public entertainment according to the provisions of the statute, at *Middletown*, on the 20th of *July* 1831, and on divers other days within one year last past, has been, and now is, a common victualler and tavern-keeper ; and did, at said several times, at said *Middle-*

*town*, sell and deliver to each of the following persons, *viz.* *Erastus Crane, Samuel P. Hough, Edward Wheeler, Austin Addis, Edward Cone, Joel Peters, Asa Crockett* and *David Fairbanks* jun., all of said *Middletown*, wine, rum, brandy, gin and other strong liquor, to be drunk at or within a certain shop or store in said *Middletown*, occupied by and in the possession of said *Kilbourn*, the precise quantity of such wine, &c. being unknown to the complainant; and said *Kilbourn* did then and there, on said 20th day of *July*, and on said divers other days, suffer said wine, rum, gin and brandy, and said other strong liquors, to be drunk, by said *Erastus Crane* and others; and said liquors, were, on said 20th of *July*, and on said divers other days, purchased and drunk, by said *Erastus Crane* and others, at and within said *Kilbourn's* said shop or store, with his knowledge, sufferance and consent; against the peace and *contra formam statuti.*

The defendant pleaded *not guilty;* and being convicted, was sentenced to pay a fine of ten dollars to the treasury of said town. From this judgment he appealed to the county court, and gave sufficient bond of recognizance, with surety, to the treasurer of the county, conditioned for his appearance before said court, and for abiding their judgment in the premises. The defendant appeared before the county court; was acquitted on the first count in the information, and convicted on the second count; and was again sentenced to pay a fine of ten dollars to the treasury of said town. To obtain a reversal of that judgment, he then brought a writ of error in the superior court, assigning sundry errors; and the case was reserved for the advice of this court.

*Sherman* and *Storrs*, for the plaintiff in error, contended, 1. That the justice of the peace, to whom the complaint was preferred, and who tried the cause, had no jurisdiction; he being an inhabitant of the town, to which the penalty, if recovered, would belong, and having, therefore, an interest in the event. *Stat.* 444. *tit.* 99. *s.* 7. Such an interest is a disqualification of a judge, both at common law and by our statute. *Stat.* 148. *tit.* 21. *s.* 38. *Humphreville* v. *Perkins,* 5 *Day* 117. *Pearce* v. *Atwood,* 13 *Mass. Rep.* 324. 340. *Commonwealth* v. *Ryan,* 5 *Mass. Rep.* 90. 92. *Hawkes* & al. v. *County of Kennebeck,* 7 *Mass. Rep.* 461. *County of Lin-*

71

*Middlesex,*
*July, 1833.*

Kilbourn
*v.*
The State.

*Middlesex,*
*July, 1833.*

*Kilbourn*
*v.*
*The State.*

coln v. *Prince,* 2 *Mass. Rep.* 544.    This general principle is never departed from, except in case of *necessity—i. e.* where its rigid application would produce a failure of justice.    But here there was no necessity for bringing the cause before an inhabitant of *Middletown,* as it might have been tried by any other justice in the county.    *Kingsbury* v. *Phips,* 2 *Root* 357. *Humphreville* v. *Perkins,* 5 *Day* 117. 121, 2.

2. That the complaint was insufficient to give jurisdiction, because the offence is not stated to be the *first* offence. *Stat.* 444. *tit.* 99. *s.* 7. last clause.    This is an indispensable fact, and must be explicitly averred.    *Wooster* v. *Wooster &* *al. Kirby* 29.    *Griswold* v. *Mather,* 5 *Conn. Rep.* 438, 9. *Perkins* v. *Perkins,* 7 *Conn. Rep.* 558. 567.    *Waterbury &* al. v. *Darien,* 8 *Conn. Rep.* 162.    *Treat* & al. v. *Middletown,* 8 *Conn. Rep.* 243.    There is no legal presumption that an act done is the *first* act.

3. That the complaint was insufficient, because *distinct* offences are charged in the same count, *viz.* being a common victualler, selling to be drunk, suffering to be drunk, &c. *Commonwealth* v. *Symonds,* 2 *Mass. Rep.* 163.    2 *Swift's Dig.* 383.    *State* v. *Jefferson Gale,* in *Fairfield county, cor.* *Bissell,* J.

4. That the times when the offences were committed, are not stated with the requisite certainty.    1 *Chitt. C. L.* 218.

*Ingham,* for the defendant in error, contended, 1. That the justice who tried the cause, was not disqualified.    The statute prescribing the disqualifications of judges, relates exclusively to *civil* actions.    *Stat.* 148. *tit.* 21. *s.* 38.    A justice of the peace is a *county* officer, and has a right to exercise his judicial functions in any town in the county, except so far as they are expressly restrained by statute.    This has been done, in some instances.    Thus, it is provided, that the presentment of a grand-juror shall be made " to some justice of the peace *in the town where the offence was committed.*"    *Stat.* 250. *tit.* 45. *s.* 2.    But the restriction here, is, obviously, *against* the claim of the plaintiff in error.    *Davis* v *Salisbury,* 1 *Day* 278.    *The State* v. *Bishop,* 7 *Conn. Rep.* 181.

2. That it was not necessary to aver, that the offence alleged was the first offence.    An offence will, of course, be considered as the first offence, unless it is expressly averred

to be the second or third offence. If it is in fact the second or third offence, it is still optional with the prosecutor to proceed as for the first offence. 1 *Chitt. C. L.* 191. & seq. *Stark. C. P.* 193, 4. 240. 272, 3.

3. That the offence charged is a *single* offence, made up of several ingredients. It is the keeping of a tavern without licence. The various allegations in the information are not of distinct offences, but of the various facts and circumstances enumerated in the statute as constituting the *one* offence of keeping a tavern without licence. Where a complex offence is created by statute, the information must state all the circumstances which constitute it. Nothing more has been done in this case. 1 *Chitt. C. L.* 190. 2 *Chitt. C. L.* 308. 3 *Chitt. C. L.* 109. *Stark C. P.* 176. 271.

4. That the information is sufficiently *certain*, as to times, places and persons.

PETERS, J. 1. The first error assigned is, that it is not alleged in the information, that this is the first offence. But in all cases where there may be *successive* convictions with *cumulative* penalties, such has been the invariable practice, in this state and in the state of *New-York*, for more than thirty years. No person ought to be, or can be, subjected to a cumulative penalty, without being charged with a cumulative offence. *The People* v. *Youngs,* 1 *Caines* 37.

2. That distinct sales to different persons, are alleged in the information. But this is duplicity, and can be taken advantage of only by special demurrer. 1 *Chitt. Plead.* 640. 1 *Swift's Dig.* 638.

3. It is not stated in the information when and to whom said wine, rum, &c. were sold. The averment is, that said wine, rum and other liquors were sold at the defendant's shop or store, in said *Middletown,* to *Erastus Crane* and others of said town.

4. That the justice of the peace, who tried the cause, at the time of the trial, resided in *Middletown,* where the offence was committed. The statute on which the objection is founded, relates to *civil* actions, and not to criminal prosecutions. *Stat.* 148. *tit.* 21. *s.* 38. *Davis* v. *Salisbury,* 1 *Day* 278.

For these reasons, I advise the superior court, that there is no error in the judgment complained of.

The other Judges were of the same opinion.

Judgment affirmed.