ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

JAMES D. TAIT.

JUDGMENT—*in action qui tam—its form.* In a *qui tam* action against a railroad company, for a failure to comply with the statute, requiring a bell to be rung, or a whistle to be sounded at the crossings, a judgment rendered by the court— " that the plaintiff have and recover of and from the said defendant, the sum of thirty-four hundred dollars, his debt, so assessed, as aforesaid, and that he have execution therefor," is defective. The judgment should have been for a recovery of the money, one-half to the use of the plaintiff, and one-half to be paid to the State, and should have directed execution to issue in that form.

APPEAL from the Circuit Court of De Witt county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was an action *qui tam*, commenced in the Macon county circuit court, and taken by change of venue to the Circuit Court of De Witt county, to recover the statutory penalty in each case, for seventy alleged violations of the statute requiring a railroad company to ring the bell, or blow the whistle, at public crossings as therein provided. A trial was had, resulting in a verdict for the plaintiff, and judgment was rendered for thirty-four hundred dollars. The case is brought to this court on appeal to reverse the judgment of the court below, and the appellants rely mainly upon the error assigned, as to the form of the judgment rendered in this action.

Mr. CHARLES EMERSON, for the appellants.

Messrs. NELSON & ROBY, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action *qui tam*, brought to recover seventy different penalties for a failure of the railway company to comply with the statute requiring a bell to be rung, or a whistle to be sounded, at the crossings. The jury found for the plaintiff on sixty-eight counts, and rendered a verdict for thirty-four hundred dollars. The court gave judgment, "that the plaintiff have and recover of and from the said defendant, the sum of thirty-four hundred dollars, his debt so assessed, as aforesaid, and that he have execution therefor." This judgment is defective. It should have been for a recovery of the money, one-half to the use of the plaintiff, and one-half to be paid to the State, and should have directed an execution to issue in that form. If the sheriff were to collect the money under an execution issued upon this judgment as

4—50TH ILL.

it now stands, he would be required to pay it all to the plaintiff, or at least be justified in so doing.  *Bradley* v. *Baldwin*, 5 Conn. 288.

There must, however, be a new trial, for the reason that the verdict was for too large a sum.  The record shows only sixty-seven violations of the statute, which would justify a verdict only for thirty-three hundred and fifty dollars.  As to two trains passing on the 6th of April, the record shows, as to one, merely a failure to blow the whistle, and as to the other merely a failure to ring the bell.  This proof was insufficient, and yet the jury must have included in its verdict a penalty in reference to one of these trains.  There must be a new trial.

*Judgment reversed.*