## ILLINOIS CENTRAL RAILROAD COMPANY

### *v.*

## DAVID HERR, etc.

1. PARTIES—*in qui tam action against a railroad company—construction of act of 1869.* Under the act of 1869, which provides that one-half the penalty to be recovered against a railroad company for an omission to ring the bell or sound the whistle on the approach of a train to a crossing of a public highway, shall go to the "prosecuting witness," it is not essential, to entitle the person in whose name the suit is brought, to recover, that he should actually have testified in the case.

2. So where, in such a case, there were no witnesses examined, but the case was tried upon an agreed state of facts, the person in whose name the suit was brought was regarded as the prosecutor, and being competent to testify, was the prosecuting witness, within the meaning of the act, and as such entitled to maintain the suit.

3. JUDGMENT—*of its form, in such case.* The act referred to provides that one-half the penalty in such case shall go to the prosecuting witness "and the other half to go to the State:" *Held*, the judgment for the penalty, so far as it is to go to the State, is properly rendered in favor of " the people of the State of Illinois," and should not be entered, in terms, in favor of "the State."

APPEAL from the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The opinion states the case.

Messrs. MCCLELLAN & JACKSON, for the appellants.

Mr. L. SHISSLER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was originally a suit brought before a justice of the peace, by David Herr, who sued as well for himself as for the people of the State of Illinois, to recover a penalty against

appellants. A trial was had, resulting in favor of appellee, and the cause was removed to the circuit court by appeal. In the circuit court, the case was tried on this agreed state of facts:

"STATE OF ILLINOIS, } ss.   In the Circuit Court of said Jo Daviess
Jo DAVIESS COUNTY,          county. February Term, A. D. 1870.

"*David Herr,* who sues as well for himself as for *The People of the State of Illinois* v. *The Illinois Central Railroad Co.* Appeal from justice of the peace.

"It is stipulated that said cause may be submitted at this term of said court, for trial by the court, upon the following agreed statement of facts:

"1. This is a suit originally brought before a justice of the peace, on the thirtieth day of October, A. D. 1869, to recover penalties, brought under section 38 of an act entitled 'an act to provide for a general system of railroad incorporations,' approved November 5, 1849; also section 13 of special laws, passed February 10, 1851, entitled 'an act to incorporate the Illinois Central Railroad Company,' and amended laws thereto, passed February 27, 1869, as claimed by the plaintiff.

"2. It is agreed that, on the eleventh day of October, 1869, there existed, and had existed for years prior thereto, a public highway running from the city of Galena, in the county of Jo Daviess and State of Illinois, to the town of Scales Mound and town of Apple River, and to Thompson's Mills, in said Jo Daviess county, and being the old State road running to Freeport and Dixon; said public highway being one of the most traveled public roads in said county; that at a point on said public highway east of where said public highway passes over the iron bridge across the Galena river, the defendants' railroad crosses said public highway, and is within the corporate limits of the city of Galena.

"3. It is further agreed, that the defendants are a railroad corporation, incorporated by charter from the legislature of the State of Illinois, approved February 10, 1851, and were run-

ning their cars in said Jo Daviess county, and over said public highway, in said county, at the crossing before mentioned, on the eleventh day of October, A. D. 1869, and for a number of years prior thereto.

" 4. That on said eleventh day of October, A. D. 1869, two freight trains, owned, controlled and run by said defendants, crossed the said public highway at said point east of the iron bridge, within the corporate limits of the city of Galena, in said county, on the track of said defendants' railway, which runs over said highway at said point as above mentioned, and the defendants' servants and agents did not ring the bell and did not blow the steam whistle on either of the locomotive engines (drawing the said trains) for a distance of eighty rods from the place where said railroad crosses said public highway as above mentioned, and did not ring the bell and did not blow the steam whistle at all ; that both of said trains were running west—from Council Hill to Galena, in said county—one of said trains passing at three o'clock P. M. and the other train passing said crossing at 3:30 o'clock P. M. on said day ; that each of said engines had a bell of over thirty pounds weight at the said time, and was running at the usual rate of speed.

" This case is to be submitted to the court upon the above statement of facts and argument of counsel.   In case the court finds for the plaintiff, the judgment of the justice of the peace is to be affirmed.   Either party is to have leave to appeal from the judgment of the court.

" (Signed)                    L. SHISSLER,
                              " Plaintiff's attorney.
                           " R. H. McCLELLAN,
                              " Defendants' attorney."


On the trial in the circuit court, a judgment was rendered for $100, one-half to David Herr and one-half to the people of the State of Illinois, and for costs.   Appellants insist that the act of the twenty-seventh of February, 1869 (Pub. Laws, 308) repealed the thirty-eighth section of the act of the fifth

of November, 1849, providing for a general system of railroad incorporations; also the thirteenth section of appellants' charter, approved the tenth of February, 1851, referred to in the agreement of facts. Appellants then insist that the judgment in the court below is not warranted under the act of 1869.

If it be conceded that the last act repeals the two sections referred to in the former laws, it does not follow that this judgment is erroneous. It is urged that the last act declares that the penalty should, when recovered, be in favor of the prosecuting witness and the State of Illinois, and that there is no evidence that Herr was the prosecuting witness, but that he was an informer under the previous acts. The agreement has the title of the suit, from which it appears that appellee sues as well for himself as the people of the State of Illinois. Now, what is the fair inference, from this entitling of the suit, when considered in connection with the law of 1869? Even if it might be said that Herr was an informer, still he, as such, preferred a charge against the company. He, it is manifest from the title of the suit, prosecuted it to recover the penalty, and in that sense, and to that extent, he was a prosecutor. Under our statute, he was also a competent witness, and hence the prosecuting witness, and falls fully within the spirit of the act of 1869, and answers its requirements.

It is said that all penal statutes must receive a strict construction. This is true, but the rule only requires that the case be clearly brought within the provisions of the law, not that courts shall give it such a hypercritical interpretation as to defeat all recoveries. Courts have no right thus to fritter away even a penal statute, and thus frustrate the intention of the law makers. We can see no escape from holding that Herr was the prosecuting witness in the case, and in that respect there is no error in the judgment.

It is again said, that the judgment should have been in favor of "the State of Illinois." Why add "of Illinois," if the act is to have so literal a construction? The act says that

one-half of the penalty shall go to the "State." If the language should be literally followed, then to which one of the many States of the Union. Counsel interpolates the words " of Illinois," because the obvious meaning requires it. And it is just as apparent that the words " the people " should be supplied before the words " of the State," as the others after them, because that is the form in which all recoveries are had in favor of the public. The constitution requires that all prosecutions for recoveries and judgments for the public shall be in the name and by the authority of " the people of the State of Illinois." This is the name the State has assumed, and by which it is known and designated, and the name in which it contracts and sues and recovers. Had this part of the judgment been by a different designation, it would have been informal, and we should, in all probability, have been asked to reverse it for that reason.

In the case of *The Illinois Central Railroad Co.* v. *Tait,* 50 Ill. 48, it was said that the recovery should be one-half to the use of the plaintiff and the other half to the State. In that case, the judgment had been rendered for the full amount of the penalty, in favor of the informer, and the mere form of the judgment as to the name in which the State should recover, was not before the court, and was not passed upon. The defect in that judgment went to the substance, as it deprived the people of any portion of the recovery, and gave it all to the informer. We think this judgment formally accurate in every particular, and is in accordance with the statute, as it gives one-half of the recovery to the State and the other half to the informer.

A careful examination of this record fails to disclose any error for which it should be reversed, and it is affirmed.

*Judgment affirmed.*

SHELDON, Justice, took no part in the decision of this case, it having been tried before him in the court below.