State v. Watson.

THE STATE vs. WELLINGTON WATSON, JR.

Hartford Dist., Oct. T., 1887.  PARK, C. J., CARPENTER, PARDEE,
            LOOMIS and BEARDSLEY, JS.

The statute (Gen. Statutes, 1888, § 693,) provides that in criminal prosecu-
    tions before a justice of the peace in which the punishment may be
    within his jurisdiction, " if in his opinion the offense is of so aggra-
    vated a nature as to require a greater punishment," the accused shall
    be bound over to the Superior Court. Held that in binding over in
    such a case it is not necessary that the justice should certify that in
    his opinion the offense is of so aggravated a character as to require a
    greater punishment.

[Argued November 8th—decided December 23d, 1887.]

COMPLAINT for a breach of the peace before a justice of
the peace and a binding over by the justice to the Superior
Court.  Plea to the jurisdiction in that court; plea over-
ruled; conviction by the jury, before *Andrews, J.*, and
appeal by the defendant.  The case is fully stated in the
opinion.

*J. H. McMahon* and *H. W. Taylor*, for the appellant.

*J. Huntington*, State's Attorney, with whom was *A. D.
Warner*, for the State.

LOOMIS, J.  This was a grand juror's complaint for a
breach of the peace tried before a justice of the peace, who
bound the defendant over to the Superior Court, but in
making up his record of the proceedings before him and his
judgment, which was complete in every other respect, he
omitted to state that in his opinion the offense was of so
aggravated a nature as to require a greater punishment than
he as a justice could impose, and upon this sole ground a
plea to the jurisdiction was interposed in the Superior Court,
which having been overruled, the defendant brings the ques-
tion before this court by appeal.

The statute under which the proceedings were had before the justice is as follows :—" When any complaint shall be brought before a justice of the peace in which the punishment may be greater or less than a fine of seven dollars, and an imprisonment for thirty days, he may try the same ; and if in his opinion no greater punishment ought to be imposed, he may render judgment therein for a fine of not more than seven dollars and an imprisonment for not more than thirty days, and grant a warrant for the execution of the same ; but if in his opinion such offense is of so aggravated a nature as to require a greater punishment, the accused shall (except when otherwise specially provided) be bound to the next Superior Court having criminal jurisdiction, to be holden in the county in which the offense is committed." Gen. Statutes, 1888, § 693.

It is conceded that the offense charged in the complaint is one for which the justice had power to bind the defendant over to the Superior Court. The only question is whether, to justify the exercise of that power, the justice should have stated on the record that the offense was of so aggravated a nature as to require a binding over.

But the justice found the defendant guilty and ordered him bound over to the Superior Court, and this judgment, by necessary implication, indicates that he considered the offense so aggravated as to transcend his final jurisdiction. As he could not lawfully bind the accused over without such opinion, the general presumption in favor of the validity of a judgment supplies in law the omission complained of.

The extremely technical character of the objection made in behalf of the defendant will perhaps more strongly appear if we take the other alternative provided for in the statute and suppose that the justice had found the accused guilty, and had imposed a punishment within the limitations of his exclusive jurisdiction, but had omitted from the record the further finding that in his opinion no greater punishment ought to be imposed, would it be for a moment contended that the judgment was void ? And yet, the argument for this position would have precisely the same force as in the

present case, for the justice's opinion is just as much a prerequisite to his assuming final jurisdiction as it is to the binding over. We have never seen a record where a justice assumed final jurisdiction that contained any such finding as to his opinion, and have never heard the validity of a judgment questioned on that account.

The principles recognized by this court in *Hopkins* v. *Plainfield*, 7 Conn., 290, and *State* v. *Pritchard*, 35 id., 326, strongly confirm the ruling of the Superior Court in this case.

We cannot see that it made any difference as to the question of jurisdiction that the state's attorney elected (as by law he might) to try the case upon the grandjuror's complaint, instead of filing an original information based on the same binding over.

There was no error in the judgment complained of.

In this opinion the other judges concurred.